UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERA PROPERTY MANAGEMENT,<br><br>                                  Plaintiff,<br><br>v.<br><br>ALEXANDRA MCCORMACK, and DAIDEN B. AHERN,<br><br>                                  Defendants. | Case No.: 22-CV-804 JLS (MSB)<br><br>**ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(ECF No. 2) |

Presently before the Court is Defendants Alexandra McCormack and Daiden B. Ahern's (collectively, "Defendants") Motion to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). Defendants, proceeding *pro se*, removed this unlawful detainer action from the Superior Court of California, County of Imperial, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 ("Not. of Removal," ECF No. 1 at 1–3). For the following reasons, the Court **DENIES** Defendants' Motion to Proceed IFP pursuant to § 1915(a) and **REMANDS** this action to the Superior Court of California, County of Imperial, for lack of subject matter jurisdiction.

///

///

# BACKGROUND

Defendants are tenants in a residential property located in El Centro, California, which is managed by Plaintiff ERA Property Management ("Plaintiff). Ex. A. ("Compl."), ECF No. 1 at 7–8.[1]  When Defendants' written one-year lease agreement for the property terminated, the leasing arrangement converted to a month-to-month lease. *Id.* at 8. On April 4, 2022, Plaintiff allegedly served Defendants with a 3-day notice to pay rent or quit. *Id.* at 8–9. Plaintiff then filed the present unlawful detainer action on April 15, 2022. *Id.* at 7–10. Defendants filed a demurrer to Plaintiff's Complaint, which the Superior Court did not sustain. ECF No. 1 at 11. Defendants then removed the action to this Court on the basis of federal question jurisdiction and filed a Motion to Proceed IFP. *See generally* Not. of Removal; Mot.

## *IN FORMA PAUPERIS* MOTION

### I.     Legal Standard

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

As section 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining

---

[1] All citations to electronically filed documents refer to the blue pagination numbers assigned by the CM/ECF system.

whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

## II.   Analysis

Defendant Alexandra McCormack ("Defendant") submitted an affidavit in support of Defendants' request that the federal filing fee be waived. *See generally* IFP Mot. Defendant avers that she has not, in the past twelve months, received any money from employment, rent payments, life insurance, workers compensation, welfare services, child support, or gifts, among other sources. *Id.* at 2. Defendant claims she is not currently employed but also states she is employed as an independent contractor. *Id.* Defendant claims that her only source of income is "Medi-Cal," but she did not detail the amount of money she receives from Medi-Cal as required on the application. *Id.* Defendant claims she does not have a savings or checking account, an automobile, or any valuable property or assets. *Id.* at 2–3. Defendant also answered "N/A" when asked to list any debts. *Id.* at 3. Because Defendant indicated she has no assets or sources of income, the application requires that she "<u>must</u> explain the sources of funds for [her] day-to-day expenses," *id.* at 3 (emphasis in original); however, Defendant simply wrote "N/A." *Id.*

Based on the lack of information provided, the Court is unable to analyze Defendants' indigency. Defendant did not provide any dollar amounts or explanations related to any sort of income, assets, debts, or expenses in her IFP application. *See generally id.* Consequently, the Court cannot accurately assess how the filing fee affects Defendants' monetary situation. Furthermore, it is unclear whether Defendant is unemployed or employed as an independent contractor. *See id.* at 2. Given the foregoing,

Defendant has failed to "allege poverty with some particularity, definiteness[,] and certainty." *Escobedo*, 787 F.3d at 1234. Accordingly, Defendants' Motion to Proceed IFP is **DENIED.**

## SUBJECT MATTER JURISDICTION

The Court has an independent obligation to screen all actions for subject matter jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *see also Christopher v. Reaching Fourth Ministries*, No. 17-CV-00726-BAS-BLM, 2017 WL 11421538 (S.D. Cal. Apr. 14, 2017). In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Because the jurisdiction of federal courts is limited, a civil action is removable so long as the district court has been granted original jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1332. *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the removal statute bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Accordingly, the Court examines Defendants' Notice of Removal *sua sponte* for federal question jurisdiction or diversity jurisdiction.

### A.  *Federal Question Jurisdiction*

Federal courts are granted federal question jurisdiction under 28 U.S.C. § 1331 when a cause of action arises under federal law. *E.g.*, *Louisville & N. R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Under the well-pleaded complaint rule, federal question jurisdiction exists only when the face of the plaintiff's complaint is "based upon [federal law]." *Louisville & N. R. Co.*, 211 U.S. at 152. Accordingly, defenses that implicate federal law

can never be the basis for federal question jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (explaining that "it is now settled law that a case may not be removed to federal court on the basis of a federal defense").

As the parties seeking removal, Defendants must demonstrate that this Court has subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Even though the Court must "liberally construe[]" *pro se* pleadings, Defendants have not met their burden of establishing this Court's subject matter jurisdiction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The face of Plaintiff's Complaint only asserts a state law cause of action for unlawful detainer against Defendants. *See generally* Compl. Plaintiff's Complaint is not based upon federal law, as unlawful detainer actions are governed solely by California law. *See generally id*; *see also Ralph Partners II, LLC v. Tate*, No. 18-CV-03030-LB, 2018 WL 3213974, at 1 (N.D. Cal. July 1, 2018) (explaining that unlawful detainer actions do not arise under federal law). Therefore, this action does not involve or implicate any federal question.

Defendants' contention that the Superior Court violated their civil rights by not sustaining their demurrer is not sufficient to establish federal question jurisdiction. *See* Not. of Removal ¶ 10. The *Rooker–Feldman* doctrine prevents the Court from exercising jurisdiction over allegations that the state court wrongly decided the issues before it. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 490 n.16 (1983) (explaining that district courts may not directly review state-court decisions even if federal law is implicated). The *Rooker–Feldman* doctrine prevents a federal district court from acting as a *de facto* appellate court for state-court decisions. *See Feldman*, 460 U.S. at 476, 486. Because Defendants are contesting the legality of the state court's decision not to sustain their demurrer, the *Rooker–Feldman* doctrine bars this action from being heard in federal court. *See Barrow v. Hunton*, 99 U.S. (9 Otto) 80, 82–83 (1878) (differentiating the review of legal decisions from the review of a separate case with new facts). Even if the Court were to construe Defendants' argument that their civil rights were violated as a defense to

Plaintiff's Complaint, the Court cannot base federal question jurisdiction solely on defenses that implicate federal law. *Caterpillar, Inc.*, 482 U.S. at 393. Therefore, the Court does not have federal question jurisdiction over this matter.

### B. *Diversity of Citizenship Jurisdiction*

Federal courts are granted diversity jurisdiction under 28 U.S.C. § 1332 when the amount in controversy exceeds $75,000, and when there is complete diversity amongst the parties. 28 U.S.C. § 1332; *see also Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (regarding the complete diversity requirement). It is plainly stated in the Complaint that the amount demanded does not exceed $10,000. Compl. at 7. Because the amount in controversy claimed by the plaintiff governs, 28 U.S.C. § 1332(a) is not satisfied. *E.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). Furthermore, Defendants have pled no facts establishing complete diversity amongst the parties. *See generally* Not. of Removal. Accordingly, there is no diversity jurisdiction regardless of the citizenship of the Parties.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion to Proceed IFP (ECF No. 2), and **REMANDS** this action to the Superior Court of California, County of Imperial for lack of subject matter jurisdiction. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: July 11, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge